UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

INDUSTRIAL MARITIME CARRIERS, L.L.C. and
INTERMARINE, L.L.C.

    Plaintiffs,

                                              Case No.:

v.

SCANSCOT LOGISTIC SERVICES GMBH and
SCANSCOT SHIPPING SERVICES (DEUTSCHLAND) GMBH

    Defendants.
_____/

## VERIFIED COMPLAINT

1.    This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333, 28 U.S.C. §1330, Supplemental Rule B for Certain Admiralty and Maritime Claims, Fed. R. Civ. P. 9(h), and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. Jurisdiction also lies in this Court pursuant to 28 U.S.C. §1367, in that the claims against the Defendants are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Jurisdiction and venue are proper in this Court because the property owned by the Defendants is presently located within this District.

3.    At all times material, Plaintiff, Industrial Maritime Carriers, L.L.C. (hereinafter referred to as "IMC"), was a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Houston, Texas.

4.    At all times material, Plaintiff, Intermarine, L.L.C. (hereinafter referred to as "Intermarine"), was a limited liability company organized and existing under the laws of the

State of Louisiana, with its principal place of business in Houston, Texas, and which was at all relevant times the general managing agent for IMC.

5. At all times material, Defendant, Scanscot Logistic Services GmbH (hereinafter referred to as "Scanscot Logistic"), was a foreign company or similar business entity with its principal place of business in Wolgast, Germany.

6. At all times material, Defendant, Scanscot Shipping Services (Deutschland) GmbH (hereinafter referred to as "Scanscot Shipping"), was a foreign company or similar business entity with its principal place of business in Hamburg, Germany.

7. The Defendants, Scanscot Logistic and Scanscot Shipping, are representative offices and/or subsidiaries and/or affiliated and/or otherwise related business forms or companies who are jointly and *in solido* liable to the Plaintiffs.  Specifically, Scanscot Shipping holds at least fifty percent (50%) of the shares of Scanscot Logistic and both companies have concluded a "domination and profit transfer agreement" with Scanscot Shipping as the controlling company. Further, upon information and belief, these companies have the same Managing Director, among other overlapping factors.

8. The Defendants are not found within this District within the meaning of Supplemental Rule B.

9. This is an action to obtain jurisdiction over the Defendants and to obtain security for any judgment or award eventually entered against the Defendants.

10. On or about April 15, 2010, Plaintiff, IMC, entered into a written charter party (hereinafter referred to as the "Charter") for the Defendant's (Scanscot Logistic) use of the M/V INDUSTRIAL DESTINY (hereinafter referred to as the "Chartered Vessel").  A true and accurate copy of the Charter is attached hereto as **Exhibit A**.

11. The Charter called for Plaintiff, IMC, to deliver the Chartered Vessel to Defendant, Scanscot Logistic, for which this Defendant would pay monthly charter hire at $9,000.00 per day, plus certain other expenses.

12. Plaintiff, IMC, delivered the Chartered Vessel to Defendant, Scanscot Shipping, per the terms of the Charter.

13. Defendant, Scanscot Logistic, fell behind on payments and has since refused to pay as required by the terms of the Charter.  A true and accurate copy of the outstanding charter hire invoice / calculation is attached hereto as **Exhibit B**.

## COUNT 1 – BREACH OF MARITIME CONTRACT

14. The Plaintiffs incorporate and reassert the allegations contained in Paragraphs 1 through 13 as if fully set forth herein.

15. The Plaintiffs bring this claim *in personam* against the Defendants, as more fully set out above, because Defendant, Scanscot Logistic, entered into a maritime contract with the Plaintiffs, and because of the Defendants' corporate interrelationship.

16. The Plaintiff, IMC, performed its obligations under the contract, but has not been paid in full by the Defendants, despite amicable demand.

17. Accordingly, Defendant, Scanscot Logistic, is in breach, and as of October 15, 2010, the Defendants are therefore indebted to the Plaintiffs for unpaid charter hire in excess of the approximate amount of $110,469.81, plus certain other expenses.  *See* **Exhibit B**.

## COUNT II – MARITIME ATTACHMENT AND GARNISHMENT
## PROPERTY OF DEFENDANTS

18. The Plaintiffs incorporate and reassert the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.     Despite a diligent search, the Defendants cannot be located within this District, but Defendant's (Scanscot Shipping) assets are or soon will be located within this District and within the jurisdiction of this Court.

20.     The Defendant's (Scanscot Shipping) assets within this District consist of the M/V SCAN HANSA - IMO No. 9198238 (hereinafter referred to as the "Property").

21.     The Property may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and sold to satisfy the claims herein.

22.     The Plaintiffs are not seeking this attachment for the purpose of injuring or harassing the Defendants.

23.     The Plaintiffs will be prejudiced in its recovery against the Defendants absent a process of maritime attachment.

24.     The Plaintiffs seek an order from this Court directing the Clerk of Court to issue a Process of Maritime Attachment, pursuant to Rule B of the Supplemental Rules, attaching *inter alia*, not only of the Property described herein, but also of any assets of belonging to the Defendants which may be found in this District for the purposes of obtaining personal jurisdiction over the Defendants as well as to secure the Plaintiffs' claims.

25.     The Plaintiffs aver that exigent circumstances exist which make this Court's review impracticable, and that this Court should direct the Clerk to immediately issue a warrant for process of maritime attachment of the Property.

**WHEREFORE**, the Plaintiffs respectfully demand judgment, and pursuant to Local Admiralty Rule (E)(1) prays as follows:

(A)     That process according to the practice of this Court issue against the Defendants;

(B)     That if the Defendants cannot be found within the District, as stated in the affidavit attached hereto, that all of its Property within the District be attached as set forth in this Complaint, with interests and costs, in an amount including:

(C)     $110,469.81  on the unpaid invoices;

(D)     interest per the Charter, if any, through October 15, 2010, and continuing to accrue in accordance with the Charter;

(E)     attorneys fees as determined reasonable by the Court;

(F)     costs and expenses in custodial egis be awarded, plus such additional costs and expenses as may occur during the pendency of this action;

(G)     That the Defendants' Property as attached herein be condemned and sold to satisfy any judgment;

(H)     That the Plaintiffs have pre and post judgment interest and such other and further relief as may be just and proper; and

(I)     That this Court maintain jurisdiction over this matter through the entry of judgment or award, for any current claims, or those which may arise in the future, including any appeals.

Respectfully submitted,

*/s/ Margaret A. Krasicki*
Phillip Howell (377030)
Margaret A. Krasicki (474525)
Sarah M. Baggett (662526)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, A PLC
620 Twiggs Street, Suite 303
Tampa, Florida 33602
Telephone: (813) 977-1200
Facsimile: (813) 977-1288
Emails: phowell@gjtbs.com
mkrasicki@gjtbs.com
sbaggett@gjtbs.com

OF COUNSEL:

Jason P. Waguespack (LA #21123)
Frederick W. Swaim III (LA #28242)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Telecopier: (504) 525-2456
Emails: jwaguespack@gjtbs.com
fswaim@gjtbs.com

ATTORNEYS FOR THE PLAINTIFFS,
INDUSTRIAL MARITIME CARRIERS, L.L.C. and INTERMARINE, L.L.C.