FILED by _____ D.C.

OCT 18 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

INDUSTRIAL MARITIME CARRIERS, L.L.C. and
INTERMARINE, L.L.C.

     Plaintiffs,

v.

                                     Case No.:

SCANSCOT LOGISTIC SERVICES GMBH and
SCANSCOT SHIPPING SERVICES (DEUTSCHLAND) GMBH

     Defendants.

_____/

## MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Pursuant to Local Admiralty Rule E(10)(c), the Plaintiffs, Industrial Maritime Carriers, L.L.C. and Intermarine, L.L.C., by and through undersigned counsel, represents the following:

(1)    On October 15, 2010, the Plaintiffs initiated the above-styled action against the Defendants' property, including the M/V SCAN HANSA (IMO No. 9198238), located in the Port of West Palm Beach, Florida.

(2)    On or about October 18, 2010, the Clerk of the District Court is expected to issue a Writ of Attachment directing the U.S. Marshal to take custody of the Property, and to prevent the vessel from engaging in cargo operations or movement pending further order of this Court.

(3)    Subsequent to the issuance of the Writ of Attachment, the U.S. Marshal will take steps to immediately seize the property. Thereafter, continual custody by the U.S. Marshal will require the services of at least one (1) custodian at a cost in excess of one thousand dollars ($1,000.00) per day.

(4)     The vessel is currently docked in the Port of West Palm Beach, Florida, and subject to the approval of the Court, the substitute custodian is prepared to provide security, storage, and routine services for the safekeeping of the property at a cost substantially less than that presently required by the U.S Marshal. The substitute custodian has also agreed to continue to provide these services pending further order of this Court.

(5)     The substitute custodian has adequate facilities for the care, maintenance and security of the property.  In discharging its obligation to care for, maintain and secure the property, the substitute custodian shall comply with all orders of the Captain of the Port, the United States Coast Guard, including but not limited to, orders involving the vessel; and any applicable federal, state, and local laws, regulations and requirements pertaining to vessel and port safety. The substitute custodian shall advise the Court, the parties to the action, and the U.S. Marshal of any movement of the vessel pursuant to an order of the Captain of the Port, within twenty-four (24) hours of such vessel movement.

(6)     Concurrent with the Court's approval of the Motion for Appointment of the substitute custodian, the Plaintiffs and the substitute custodian will file a Consent and Indemnification Agreement in accordance with Local Admiralty Rule E(10)(c)(2).

WHEREFORE, in accordance with the representations set forth in this instrument, and subject to the filing of the indemnification agreement noted in paragraph (6) above, the Plaintiffs request this Court enter an order appointing National Maritime Services as the substitute custodian for the property.

Dated:  October 18, 2010

2

Respectfully submitted,

/s/ Margaret A. Krasicki

Phillip Howell (377030)
Margaret A. Krasicki (474525)
Sarah M. Baggett (662526)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, A PLC
620 Twiggs Street, Suite 303
Tampa, Florida 33602
Telephone:  (813) 977-1200
Facsimile:  (813) 977-1288
Emails:  phowell@gjtbs.com
mkrasicki@gjtbs.com
sbaggett@gjtbs.com

OF COUNSEL:

Jason P. Waguespack (LA #21123)
Frederick W. Swaim III (LA #28242)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Telecopier:  (504) 525-2456
Emails:  jwaguespack@gjtbs.com
fswaim@gjtbs.com

ATTORNEYS FOR THE PLAINTIFFS,
INDUSTRIAL MARITIME CARRIERS, L.L.C. and INTERMARINE, L.L.C.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

INDUSTRIAL MARITIME CARRIERS, L.L.C. and
INTERMARINE, L.L.C.

     Plaintiffs,

Case No.: 9:10-CV-81216-KLR

v.

SCANSCOT LOGISTIC SERVICES GMBH and
SCANSCOT SHIPPING SERVICES (DEUTSCHLAND) GMBH

     Defendants.

_____/

## ORDER GRANTING APPOINTMENT OF SUBSTITUTE CUSTODIAN

THIS CAUSE came before the Court upon the Plaintiffs Motion for Appointment of Substitute Custodian. The Court having reviewed the Plaintiffs' motion, and being otherwise duly advised in the premises, it is:

ORDERED AND ADJUDGED that the U.S. Marshal for the Southern District of Florida, West Palm Beach Division, be, and is, hereby authorized and directed forthwith to surrender the possession of the Property described in the Complaint to the Substitute Custodian, National Maritime Services, and that upon such surrender the U.S. Marshal be discharged from his duties and responsibilities for the safekeeping of said Property and held harmless from any and all claims arising whatever out of the said substituted possession and safekeeping;

That National Maritime Services be and the same is hereby appointed Custodian of the Property to retain the same in its custody and control for safekeeping; and that all expenses for the safekeeping of the Property shall be deemed administrative expenses of the U.S. Marshal. Charges for custodial services will be in accordance with National Maritime Services' Fee Schedule.

**DONE** and **ORDERED** at _____, Florida, this _____ day of

October, 2010.


_____
United States District Judge


Copies to:

Counsel of Record

And

National Maritime Services
ATTN: Bill O'Dell
1915 Southwest 21ˢᵗ Avenue
Fort Lauderdale, Florida 33312-3113
T: (954)990-1058
F: (954) 602-9127


2